Curia.

We see no sufficient reason to set aside this verdict. The jury have, in effect, found that a visible and notorious possession of the brick-yard had been taken and continued by the plaintiff, or his agent. They might well find a verdict for the plaintiff, pursuant to the directions- of the judge, if they believed that fact; and we have no right to * presume that they dis- [*311 ] regarded the other part of his directions, as to the legal effect of the memorandum of lease, and the marking off a part of the brick-kiln. It does not appear that the yard, during the time in question, was used for making other bricks, or occupied for any purpose, but for keeping in it the bricks of the plaintiff and of Mixer. This yard is not like a dwelling-house, which the plaintiff might have constantly occupied, by himself or an agent; or like a warehouse, of which he might have kept the key. It could not be necessary that he should keep an agent constantly in the yard, to watch his property, and keep possession of it.
The conveyance to the plaintiff appears to have been made bond fide, and for a valuable consideration. Possession was delivered to him at the time, in presence of sundry witnesses. It is not always necessary that there should be an actual removal of the goods, and a change of the possession from hand to hand. Here, from the, nature of the article, it could not be removed without considerable expense and loss; and it is not usual to remove bricks before thev *310 are sold, nor to put them into a warehouse for sale, on account of the expense, and the damage they sustain by removal. The plaintiff, therefore, instead of removing them, kept them for sale in the same yard, with the consent of the owner of the land.
Mixer did not acquire any false credit, nor could any of his creditors be deceived; because the jury have found that the plaintiff’s possession was visible and notorious to the neighborhood. All Mixer’s creditors, who lived near him, would therefore be themselves apprized of the fact; "and others might ascertain it, by inquiring of those who are usually applied to for such information.
As to Mixer’s authority to sell the plaintiff’s bricks, that was on condition that he first paid or secured to the plaintiff the value of what he should sell, or the whole amount of his debt to the plaintiff. Such a conditional authority is not at all inconsistent with the plaintiff’s ownership. It gave Mixer no right to interrupt [*312] the possession * or divest the property of the plaintiff.
The goods were not delivered to Mixer to sell. It was, in effect, an agreement that he might repurchase them on certain terms, and then sell them on his own account. No purchaser or creditor could be deceived by this private agreement. Mixer not having the possession of the goods, which might give credit to his assertion of authority, they must have applied to the plaintiff or his agent, who had the possession, to learn the nature and extent of Mixer’s agency; and, on ascertaining his authority, they would know, at the same time, the condition precedent, by which it was limited

Judgment according to the verdict.